## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**TONI WITT,**

   **Plaintiff(s),**

 **vs.**           **CIVIL NO.04-207 WDS/LFG**
                 **consolidated with 04cv1179**

**CHARLES EUGENE PERDUE and**
**ALBERT ERNEST YOUNG,**

   **Defendant(s).**

## FINDINGS AND RECOMMENDATIONS

This matter came before the Court on Defendant Albert Ernest Young's Motion to Dismiss Plaintiff's Complaint Under Rule 37 of the Federal Rules of Civil Procedure (Docket No. 45).  The grounds for dismissal are alleged evasive, incomplete and false answers to interrogatories which were answered in wilful, intentional bad faith.   Upon notice of completion of briefing this Court set the matter for an evidentiary hearing.  That hearing was held on July 21, 2005.  At the time of the hearing the undersigned was the presiding judge.  Before a ruling could be made this case was consolidated with *Perdue v. Young*, 04 CV 1179 RCB/LFG and assigned to Judge Brack.  Accordingly, rather than a ruling on the motion these findings and recommendation are prepared for the presiding judge.

It is conceded by the Plaintiff that her answers to the interrogatories were grossly deficient. She admitted that she signed the verification page without having read the answers.  She admits to never having read the answers before going over them at her deposition.  She admits there was never a correction or supplementation of the interrogatory answers.

The errors in the answers range from sloppy to egregious.  The minor errors were grossly

negligent, but not intentional.  Plaintiff provided her social security number, but it was missing a digit.

Plaintiff stated that a former spouse lived in Martinsville, NC, rather than Martinsville, VA.  More

serious were incomplete answers which omitted jobs held since the accident in question and certain

criminal convictions.  Major omissions and false information included details of medical treatment

before and after the accident.  In this regard Plaintiff did not disclose any  medical treatment due to

injury when in fact she now concedes there were over 150 incidents, before and after the accident,

in which she sought treatment.  These include several suicide attempts and injuries of which she has

no recollection.

Most egregious is a failure to report subsequent injuries to her shoulder.  This accident

occurred on October 20, 2001.  Plaintiff underwent arthroscopic surgery to her right shoulder on

January 16, 2003.  No rotator cuff tear was observed during the surgery.  Her second surgery

occurred on December 16, 2003.  A rotator cuff tear was identified and repaired during that surgery.

Plaintiff's final surgery occurred on September 8, 2004.  A re-tear of the rotator cuff was identified

and fixed at that time.  Plaintiff did not indicate in her interrogatory answers that she had sustained

any shoulder injuries following the September 20, 2001 accident.  To the contrary, in answer to

Interrogatories No. 8 and No. 9 Plaintiff specifically claimed that when she quit her job at Peoples

General Store in April 2004 it was due to her shoulder injury from the September 20, 2001 accident.

Plaintiff failed to reveal three injuries that are directly relevant to her injury claim.  On July

22, 2003 Plaintiff was in a fight or some altercation, went to the emergency room, and reported pain

in her hand and right shoulder.  On November 3, 2003 Plaintiff was in another altercation with her

sons.  She sought medical treatment on several occasions in November, reporting to the doctors that

she had "reinjured" her right shoulder, and that it felt like she had "pulled something."  On January

16, 2004 she fell at church and reported pain in her right shoulder.  Plaintiff's November 2003 injury

to her right shoulder occurred a mere six weeks before her second shoulder arthroscopy, during which a rotator cuff tear was first observed.  The fall at church occurred only three weeks after the second surgery, and before the third surgery where her doctor found that the repaired rotator cuff had been reinjured.  These incidents are clearly relevant to the question of whether the second and third surgeries are related to the shoulder injury that allegedly occurred during the September 2001 truck accident.

Plaintiff's excuses for the above cited failures include bad memory and failures in her attorney's office.  Though not with much specificity, Plaintiff claims the interrogatories were read to her over the phone by personnel working in her attorney's office.  She claims to have answered truthfully.  She never read the answers after they were prepared, nor did she make any inquiry about them.  When the verification page was sent to her she swore the answers were correct, though she claims the answers were not sent to her for her review.  Plaintiff's attorney does not address these alleged failures in his office.

Plaintiff's attorney does not appear take these discovery errors too seriously.  He notes that Plaintiff signed medical and employment releases, thus Defendant had all he needed to find the information and indeed has found a great deal of information.  The Court agrees with the Defendant that the issue is not what he was able to find, but what is out there that he may not be able to find. Defendant Young has clearly been prejudiced by the failures of the Plaintiff and her attorney.  While Defendant Young has found some of the information on his own he has had to expend a great deal of time and expense to discover matters that should have been supplied by the Plaintiff.  Preparing a case for trial under these circumstances constitutes prejudice.

When a plaintiff sues for injuries she claims resulted from an accident, the discovery rules require that she disclose all information requested by the defendant relevant to the issues in the case.

Where, as here, a plaintiff has a significant history of injuries in multiple locations over many years, there is an added burden on the plaintiff and her counsel to ensure that the information provided is not only accurate, but complete.  In our case there has been a total failure in this regard by both Plaintiff and her attorney.  The Court finds that the responses to the interrogatories were cavalier, sloppy, grossly negligent, incomplete, incorrect and, in the case of subsequent injuries to the shoulder, intentionally false.  Dismissal is appropriate when there has been egregious conduct on the part of a party in the discovery process which interferes with the judicial process.  See *Archibeque v. Atchison, Topeka and Santa Fe Railway Company, 70 F .3d 1172 (10th Cir. 1995) and  Sandoval v. Martinez,* 109 N.M. 5 (Ct. App. 1989).

In the Court's opinion the volume and seriousness of the discovery violations in this case justify dismissal.  The Court recommends that the presiding judge either dismiss Plaintiff's claims against Defendant Young in their entirety, or, at a minimum, limit any damages resulting from the shoulder injury to the treatment received immediately after the accident, and exclude evidence of any subsequent surgeries or of any permanent impairment attributable the accident.

Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. §636(b)(1), file written objections to such findings and recommendations.  A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations.  If no objections are filed, no appellate review will be allowed.

**W. DANIEL SCHNEIDER**
**United States Magistrate Judge**